UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS PEPE,

    Plaintiff,

v.                                         Case No. 3:25-cv-709-TKW-ZCB

JUDGE JAMES SHENKO,

    Defendant.
_____/

## ORDER

The magistrate judge issued a Report and Recommendation (R&R) (Doc. 7) recommending dismissal of this case because Defendant has absolute judicial immunity from the claims asserted in the complaint. In response, Plaintiff filed an objection (Doc. 8), a request to excuse late filing (Doc. 9), a notice of appeal (Doc. 10), and a motion for leave to appeal in forma pauperis (IFP) (Doc. 11). Plaintiff is not entitled to any relief based on those filings.

Upon de novo review of the issues raised in the objection, the Court agrees with the magistrate judge's determination Defendant has absolute immunity from the claims asserted in the complaint. The conclusory allegation that Defendant "knowingly exceeded jurisdiction and enabled fraudulent filings" is not enough to overcome a judge's absolute judicial immunity from suit arising out of the judge's

acts and omissions in a case presided over by the judge. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that the court is "not bound to accept as true a legal conclusion couched as a factual allegation").

The request to excuse late filing is meritless. That filing asserts that "this response was not submitted within the deadline set by the Order to Show Cause," but there is no such order on the docket.

The notice of appeal is premature. A R&R is not an appealable order, *see Priego v. Alachua Cnty. Clerk of Ct.*, 148 F.3d 1272, 1273 (11th Cir. 1998); *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066-67 (11th Cir. 1982), and at the time the notice of appeal was filed, this Court had not yet adopted the R&R. The Court's subsequent adoption of the R&R does not cure this jurisdictional deficiency. *See Priego*, 148 F.3d at 1373. Thus, the notice of appeal will be stricken.[1]

The motion for leave to appeal IFP is not necessarily moot even though the notice of appeal is being stricken because the applicable appellate rule authorizes the Court to consider a request for leave to appeal IFP "before or after the notice of

---

[1] This does not preclude Plaintiff from filing a separate notice of appeal directed to this Order, but that notice will need to be accompanied by the appellate filing fee because leave to appeal IFP is being denied.

appeal is filed." Fed. R. App. P. 24(a)(3). That rule authorizes the Court to deny leave to appeal IFP to a party who has been allowed to proceed IFP in the district court if the Court "certifies that the appeal is not taken in good faith." *Id.* An appeal is taken in good faith only if it seeks review of an objectively non-frivolous issue, *see Coppage v. United States*, 386 U.S. 438, 445 (1962), and an issue is frivolous if "it without arguable merit either in law or fact," *Bilal v. Driver*, 251 F.3d 1346, 1349, or "when it appears that the [appellant] has little or no chance of success," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir 1993) (internal quotations omitted). Here, the Court certifies that any appeal of the order dismissing this case would not be taken in good faith because Plaintiff's argument that Defendant is not entitled to judicial immunity from the claims in this case is frivolous.

Accordingly, for the reasons stated above, it is **ORDERED** that:

1. Plaintiff's objection (Doc. 8) is overruled, and the magistrate judge's R&R is adopted and incorporated by reference in this Order.

2. This case is **DISMISSED with prejudice** under 28 U.S.C. §1915(e)(2)(B)(iii) because Defendant is entitled to judicial immunity.

3. Plaintiff's request to excuse late filing (Doc. 9) is **DENIED**.

4. Plaintiff's notice of appeal (Doc. 10) is **STRICKEN**.

5. Plaintiff's motion for leave to appeal IFP (Doc. 11) is **DENIED**, and if Plaintiff files a notice of appeal directed to this Order, the notice must be accompanied by the $605.00 appellate filing fee.

6. The Clerk shall provide a copy of this Order to the Eleventh Circuit in accordance with Fed. R. App. P. 24(a)(4) if Plaintiff files a notice of appeal directed to this Order.

7. The Clerk shall enter judgment, stating: "This case is **DISMISSED with prejudice** under 28 U.S.C. §1915(e)(2)(B)(iii) because Defendant is entitled to judicial immunity."

8. The Clerk shall close the case file.

**DONE AND ORDERED** this 4th day of June, 2025.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**